# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

No. 14-17V

Filed: July 7, 2014

Not to be Published

```
*************************************
CHESLEY GARRETT and                  *
DAUN GARRETT, Individually and       *
Representing Their Minor Daughter, K.G., *     Dismissal; failure to prosecute
                                     *
        Petitioners,                 *
                                     *
v.                                   *
                                     *
SECRETARY OF HEALTH                  *
AND HUMAN SERVICES,                  *
                                     *
        Respondent.                  *
                                     *
*************************************
```

Chesley and Daun Garrett, Big Spring, TX, for petitioners (pro se).
Gordon E. Shemin, Washington, DC, for respondent.


## DECISION[1]

On January 6, 2014, petitioners filed a petition under the National Childhood Vaccine Injury Act of 1986 (hereinafter the "Vaccine Act" or the "Act"), 42 U.S.C. §§ 300aa-10–34 (2006), alleging that the DTaP, IPV, and Hepatitis B vaccines their daughter K.G. received on November 9, 2010, caused her to develop Type 1 diabetes, which was diagnosed in March 2011.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, a petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the categories listed above, the special master shall redact such material from public access.

On January 30, 2014, the undersigned issued an order stating that no allegation of vaccine-caused type 1 diabetes has succeeded in the Vaccine Program. See Hennessey v. Sec'y of HHS, No. 01-190V, 2009 WL 1709053 (Fed. Cl. Spec. Mstr. May 29, 2009), aff'd, 91 Fed. Cl. 126 (Fed. Cl. 2010) (an omnibus proceeding in which now-Chief Special Master Denise Vowell found that vaccines do not cause type 1 diabetes); Meyers v. Sec'y of HHS, No. 04-1771V, 2006 WL 1593947 (Fed. Cl. Spec. Mstr. May 22, 2006) (a decision in which then-Special Master Patricia Campbell-Smith found that vaccines do not cause type 1 diabetes); Baker v. Sec'y of HHS, No. 99-653V, 2003 WL 22416622 (Fed. Cl. Spec. Mstr. Sept. 26, 2003) (an omnibus decision in which the undersigned found that vaccines do not cause type 1 diabetes). The undersigned advised petitioners that presenting the same sort of evidence as the undersigned previously considered in other cases will not result in a different outcome.

A telephonic status conference was held on March 7, 2014. Petitioners' counsel requested until May 5, 2014, to locate an expert to offer a different theory of causation than the theories offered in the three cases cited in the undersigned's January 30, 2014, order.

On April 29, 2014, the undersigned issued another order noting a recent decision by Special Master George Hastings, in which he dismissed a case that alleged MMR vaccine caused type 1 diabetes. Crutchfield v. Sec'y of HHS, No. 09-39V, 2014 WL 1665227 (Fed. Cl. Spec. Mstr. Apr. 7, 2014).

On May 5, 2014, petitioners' counsel filed a status report, in which he stated that petitioners had not found a suitable expert, and he wished to withdraw as counsel. Petitioners' counsel also contacted the undersigned's law clerk and asked if he should file the medical records he had obtained. The undersigned directed him not to file the medical records at that time.

On May 15, 2014, petitioners' counsel filed a motion to withdraw as attorney of record in this case. With his motion, he provided email addresses and a phone number for his clients. Petitioners' counsel's Motion to Withdraw was granted on May 16, 2014, and petitioners became pro se.

In her order granting the motion to withdraw, the undersigned ordered petitioners to contact the undersigned's law clerk by June 6, 2014, to schedule a telephonic status conference. The undersigned's law clerk received no communication from petitioners. On June 10, 2014, the undersigned's law clerk emailed petitioners. She did not receive a response to her email. She also attempted to telephone petitioners multiple times. She received no answer to her telephone attempts and received a message that voicemail had not been set up for the number.

On June 20, 2014, the undersigned issued an Order to Show Cause why this case should not be dismissed for failure to prosecute. The undersigned ordered petitioners to contact the undersigned's law clerk by July 3, 2014, to schedule a status conference. This Order was sent to petitioners via United States Postal Service ("USPS") Certified Mail. According to USPS Tracking, the Order was delivered to petitioners on June 23, 2014.

Petitioners failed to file a response to the Order to Show Cause or to contact the

undersigned's law clerk.  This case is **DISMISSED** for failure to prosecute.

## DISCUSSION

Under Rule 41(b) of the Rules of the United States Claims Court, "the court may dismiss a case on its own motion, '[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court. . . .'" Tsekouras v. Sec'y of HHS, 26 Cl. Ct. 439, 442 (Fed. Cl. 1992) (quoting Claude E. Atkins Enterprises, Inc. v. United States, 899 F.2d 1180, 1183 (Fed. Cir. 1990)).  Petitioners failed to respond to the court's June 20, 2014, Order to Show Cause.

To satisfy their burden of proving causation in fact, petitioners must prove by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." Althen v. Sec'y of HHS, 418 F.3d 1274, 1278 (Fed. Cir. 2005).  In Althen, the Federal Circuit quoted its opinion in Grant v. Secretary of Health and Human Services, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

> A persuasive medical theory is demonstrated by "proof of a logical sequence of cause and effect showing that the vaccination was the reason for the injury[,]" the logical sequence being supported by "reputable medical or scientific explanation[,]" i.e., "evidence in the form of scientific studies or expert medical testimony[.]"

418 F.3d at 1278.

Without more, "evidence showing an absence of other causes does not meet petitioner's affirmative duty to show actual or legal causation." Grant, 956 F.2d at 1149.  Mere temporal association is not sufficient to prove causation in fact. Id. at 1148.

Petitioners did not file an expert report in support of their allegations and failed to file any medical records.  The Vaccine Act does not permit the undersigned to rule in favor of petitioners based solely on their allegations, unsupported by medical records or medical opinion. 42 U.S.C. § 300aa-13(a)(1) (2006).

This petition is hereby **DISMISSED** for failure to prosecute.

## CONCLUSION

Petitioners' petition is **DISMISSED**.  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

3

**IT IS SO ORDERED.**

_____                                        _____
DATE                                                                                    Laura D. Millman
                                                                                              Special Master